May it please the Court, I am Matt Adams with Northwest Immigrant Rights Project for the petitioner Mr. Erwin Garcia-Lopez. I request to reserve one minute for rebuttal. The issue is whether Mr. Garcia was convicted of misdemeanor grand theft under the California Penal Code or felony grand theft. If a misdemeanor conviction, it falls under the petty offense exception of the Immigration and Nationality Act and does not preclude Mr. Garcia from establishing good moral character and thus does not render him ineligible for the immigration benefit, suspension of deportation, which the immigration judge originally granted him. In order for a conviction to fall under the petty offense exception, first, the maximum penalty possible for the crime of which the person was convicted may not exceed a term of imprisonment of one year. And second, the actual sentence imposed may not be in excess of six months. Under the California Penal Code Section 17B, where a crime may be punished as either a felony or a misdemeanor, the court must look to the actual sentence imposed in order to determine the character of the conviction. Thus, in the petty offense analysis of these type of WABOR convictions, the two prongs of the petty offense analysis are conflated. Of course, under the second prong, the court must verify that the sentence, actual sentence, was not in excess of six months. But also for the first prong, in order to determine the maximum penalty possible, the court must look at the actual sentence imposed in order to determine the character of the conviction. That's pursuant to Section 17B. Thus, where a person was sentenced to county jail as opposed to state prison, the conviction is a misdemeanor. And where a person is sentenced to 180 days in county jail, that satisfies both prongs of the petty offense exception. Now, respondents urged the court to find that since a petty offense conviction, excuse me, that since a grand theft can be punished as either a felony or a misdemeanor, the court should consider the maximum penalty possible for the felony grand theft conviction. However, the statute does not state the maximum penalty possible for the crime of which the person may be charged, but rather the maximum penalty possible for the crime of which the person was convicted. The analysis must focus on the character of the conviction in issue and not on the original charge. Moreover, even if the government is correct in asserting that the original 180-day sentence should not be considered a judgment, but is rather simply part of initial probation, it is undisputed that in the subsequent hearing, the state court entered a final order, a final judgment, declaring the conviction to be a misdemeanor. Therefore, it clearly falls under Section 17b-3 of the California Penal Code, which makes that conviction a misdemeanor for all purposes. Indeed, this being the case, it clearly falls under this court's holding in Lafarga v. INS. In Lafarga, the court also looked at an Arizona statute that had the possibility of being punished as either a felony or a misdemeanor. But even Respondents concede that in that case, the court found where the crime was deemed a misdemeanor pursuant to a final judgment, it must be considered a misdemeanor for all purposes. It is unclear how Respondents even attempt to distinguish Lafarga from the case at hand. Instead, Respondents state their true position in their brief when they say that this court did not appropriately take into account congressional intent in making their holding in Lafarga. Apparently, it is there that Respondents concede that their argument in the board's decision simply cannot be reconciled with this court's holding in Lafarga v. INS. And not only does the board's decision and the Respondent's position contradict this court's holding in Lafarga v. INS, it also contradicts the Board of Immigration Appeals' own precedent decisions. In matter of Patel, the board analyzed Wadler convictions under the California State Statute when it said that the court must look to the actual sentence imposed in order to determine the character of the conviction. Indeed, in looking at the very same section, in looking at Section 17b of the California Penal Code, the board stated, and I quote, As to a crime which may be either a misdemeanor or a felony, depending upon the punishment imposed, therefore, it is the punishment specified by the sentence which determines the character of the crime for all purposes, unquote. Nonetheless, the government seeks to brush aside this court's holding in Lafarga and seeks to brush aside also the finding of the court in matter of Patel. Instead, they mistakenly focus on whether Mr. Garcia's conviction still stands for immigration purposes despite the vacated sentence. But nowhere does Mr. Garcia contend that he no longer has a conviction. Mr. Garcia readily concedes that pursuant to Section 101A48A of the Immigration Nationality Act, that despite him in post-conviction relief, he has an immigration, he has a conviction for immigration purposes. Rather, Mr. Garcia argues that the immigration court and the Board of Immigration Appeals are required to give full effect and to respect the final order and judgment of the state court. Section 101A48B of the Immigration Nationality Act defines the term of imprisonment, as opposed to the other subsection which defines what a conviction is. And Section 101A48B does nothing to change the longstanding principle in immigration law that the immigration court and the Board of Immigration Appeals is required to give full faith and credit to the final judgment or the amended sentence of the state court. Indeed, the Board of Immigration Appeals recently reconfirmed this longstanding principle in its precedent decision matter of song. And I quote, We previously found in an analogous context that when an alien was resentenced for a crime, the new sentence determined whether the alien received a sentencing confinement for a year or more and was therefore deportable under the former Section 241A4. Our decision in matter of Rodin is not applicable here, because in that case we addressed only the definition of conviction contained at 101A48A and not the definition of term of imprisonment at 101A48B. Hence, both the case law of the Board of Immigration Appeals and the case law of this circuit are clear that the immigration court and the Board of Immigration Appeals must give effect and must rely upon the final order and the final judgment of the state court. It is irrelevant what was originally charged. When determining whether a crime falls under the petty offense exception, the court must look at the maximum penalty possible for the crime of which the person was convicted. For these reasons, it is urgent that Mr. Garcia urges this court to overturn the Board's decision and to reject the government's arguments. And that's it.  Mr. Adams? Yes. Something unusual happened in this courtroom. You were not – nobody asked you any questions? That is the first time for myself, yes. Nice job. Well, you have a few minutes for rebuttal if you need. Thank you. I can say from the court I appreciate it. Petitioner wants you to look at one thing and one thing only, the punishment in this case. That's what they keep harping on. Look at the punishment. Look at the punishment. If it was just the punishment, if that's the way the statute was written, then that would be fine. But the statute wasn't written that way. It said at the conviction, if it was – if you could have been – if a person with maximum penalty could have been over one year, that's one of the prongs. And they want you to get away from that. They just want you to focus on the conviction. And that's not the way the statute was written. Mr. Garcia pled guilty and was convicted of grand theft. And although he conceded he was deportable, he sought discretionary relief from deportation in the form of suspension of deportation. Suspension of deportation is not available for those individuals who have been convicted of crimes involving moral turpitude, and grand theft is a crime involving moral turpitude. Mr. Garcia is not entitled to the petty fence exception because he could have been sentenced to over one year in prison. Because Mr. Garcia is an inadmissible alien, or he's been having committed a CIMT, a crime involving moral turpitude, two things have to occur. One, this court lacks jurisdiction. And two, because the petty offense exception does not apply, even if the court did have jurisdiction, no relief can be granted. Now I want to turn to some of the facts in this case. Some of the facts. Mr. Garcia conceded that he was a deportable alien. Mr. Garcia was convicted of grand theft and sentenced to 180 days in jail, three years probation in order to pay restitution of $110. Grand theft is a crime involving moral turpitude, and the offense of grand theft carries with it a maximum punishment of over one year in prison. In order for someone to fall within the petty offense exception, there are two problems, and I mentioned those two problems. One, the max penalty possible for an alien that was convicted cannot exceed imprisonment for more than one year, and if convicted, not sentenced for more than six months. Causes and effect is the problem with the petitioner's case here. Just because the person got six months, 180 days in jail, three months, three years probation, the cause and effect are off. They're missing the boat. They need to look at the first prong. The board has a permissible review of the statute. I'd like to conclude. Because Mr. Garcia is an alien who is inadmissible by reason of having committed a crime involving moral turpitude, this court lacks jurisdiction over this case. Even if this court did have jurisdiction over this case, Mr. Garcia's request for discretionary grant of relief from removal fails because he was convicted of grand theft and does not fit into the petty offense exception. There are no questions, I guess, and you're satisfied? We're satisfied. Mr. Adams, do you want to leave well enough alone? We're satisfied that we presented our case. Thank you. All right. We appreciate both counsel being expeditious in getting us through that one. Let's get us back on schedule.
judges: Lay (8th Cir.), Ferguson, Gould